JOHNSON, C.J.
dissents and assigns reasons.
hi respectfully dissent from the majority opinion. I would affirm the ruling of the court of appeal which reversed the defendant’s conviction.
In reviewing the sufficiency of the evidence to support a conviction, this Court has recognized that an appellate court in Louisiana' is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Tate, 01-1658 (La.5/20/03), 851 So.2d 921, 928 (citing State v. Captville, 448 So.2d 676, 678 (La.1984)). Under this standard, an appellate court “must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” Tate, 851 So.2d at 928.
In this case, the defendant was convicted of distribution of cocaine. La. R.S. 40:967(A)(1) provides that it shall be unlawful for any person “knowingly or intentionally ... [t]o ... distribute, or dispense, a controlled dangerous substance *880 ... classified in Schedule II.” Cocaine and its derivatives are listed in Schedule II. La. R.S. 40:964. I disagree with the majority’s finding that the circumstantial evidence presented at trial was sufficient for any rational trier of fact of find beyond a reasonable doubt that the small white object defendant removed from his mouth and handed to the other man was crack cocaine. Based on the evidence presented, IJgdo not find the State met its heavy burden of proof when relying on circumstantial evidence.
In Louisiana, the rule as to circumstantial evidence provides that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438. Thus, the Legislature “has, through this statute, provided greater protection against erroneous convictions based on circumstantial evidence than is provided by the Fourteenth Amendment. There is a possibility that the quality of evidence supporting a conviction would satisfy Jackson v. Virginia, supra, but would not satisfy the requirement of R.S. 15:438.” State v. Shapiro, 431 So.2d 372, 384 (La.1982). I find the State’s circumstantial evidence did not satisfy this standard. As explained by the court of appeal, the State failed to present any evidence of what was being transferred between the defendant and an unknown male. Detective Hunter, the only witness who saw the alleged transfer of cocaine, admitted he had no way of definitively knowing what was transferred between the defendant and the other man. Further, Detective Hunter made no effort to have the unknown male stopped or apprehended following the alleged transfer so there was no way of definitively knowing what the defendant gave to the other man. Thus, in my view, the circumstantial evidence presented did not exclude every reasonable hypotheses of innocence.
Because the State failed to prove that the item the defendant allegedly transferred was a controlled dangerous substance, I would find the State failed to prove the defendant was guilty of distribution of cocaine. Applying the Jackson standard, a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt. For these reasons, I would affirm the ruling of the court of appeal.